ALMA CANNING Co. *v.* HANNA.

5-2452                                                   350 S. W. 2d 166

Opinion delivered October 16, 1961.

*Shaw, Jones & Shaw,* for appellant.

*David O. Partain,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a Workmen's Compensation case. The appellee, Mrs. Hanna, was employed by appellant, Alma Canning Company. Mrs. Hanna claimed an injury, but the employer resisted the claim. The Referee found that Mrs. Hanna was entitled to compensation; the Full Commission agreed with the Referee; the Circuit Court affirmed the Commission; and the Alma Canning Company brings this appeal, claiming that Mrs. Hanna's injury did not "arise out of and in the course of employment." See § 81-1302(d), Ark. Stats.

There is very little dispute as to the salient facts. Mrs. Hanna was working for the Alma Canning Company on April 27, 1960, the day in question. She and several other ladies were working at the spinach table. Two ladies—one on each side of the long table—had short wooden sticks to spread the spinach on the table, and the other ladies would then collect the spinach. Since spreading with the sticks was the more vigorous work, it was the custom for the spreading work to be rotated to others after fifteen minutes. Work had commenced at eight o'clock. Some time about 9:30 a.m. Mrs. Hanna was engaged in spreading the spinach. It was a cool morning and Mrs. Hanna, still with the spreading stick

in her hand, went to the end of the table to get her sweater from the accustomed place. As she was in the act of putting on her sweater, she experienced a sharp and excruciating pain just below her right shoulder blade. Other ladies came to her and found a lump or knot under her shoulder blade. She had never before suffered any similar mishap. Mrs. Hanna's superior gave her an aspirin and sent her to a physician. Later, she was sent to a hospital, and an additional physician who treated her described her injury as follows:

"Mrs. Hanna reported to our office on May 10, 1960, being sent in by Dr. Jack Thicksten of Alma, Arkansas because of pain in her back on the right side and just below her scapula. Patient states she was reaching back with her arm getting into her sweater while on the job working and was suddenly seized by a severe sharp pain in her back. We examined patient and felt she had a muscle cramp or irritation or spasm in that area which seemed to be tender on pressure or palpation. This area was infiltrated with local anesthetics and gave patient considerable relief. We advised physical therapy, muscle relaxing medication and had patient return which she did two days later stating she was considerably better. Her shoulder area was reinjected again at that time and patient was next seen on the 30th day of May. At that time she stated she still had pain in the muscles of her back when attempting to move her right arm. . . . Patient's injury seemed to be in the form of a muscle contusion or irritation causing muscle to cramp. . . ."

Did the evidence establish that Mrs. Hanna's injury arose "out of and in the course of employment?" The Referee and the Commission answered the question in the affirmative, and we agree with such answer. There are a number of cases in which we have held injuries under analogous circumstances to have arisen out of and in the course of the employment. Some of these are *Tinsman Mfg. Co.* v. *Sparks,* 211 Ark. 554, 201 S. W. 2d 573; *Cox Bros. Lbr. Co.* v. *Jones,* 220 Ark. 431, 248 S. W. 2d 91; and *Williams* v. *Gifford Hill Co.,* 227 Ark. 341, 298 S. W. 2d 323.

Cases from other jurisdictions are in accord with our holdings. In 99 C. J. S. 722, "Workmen's Compensation" § 220, the holdings are summarized: "Acts necessary to the life, comfort, or convenience of an employee while at work are incidental to the service and an injury occurring while in the performance of such acts may be compensable." In sub-topic "d" of the same section (§ 220) the text states: "The act of an employee in seeking warmth or shelter does not interrupt the continuity of his employment." In Larson's two-volume treatise on Workmen's Compensation Law, it is stated in § 21.51: "*Getting warm*. Employees seeking warmth have been held to remain in the course of employment in the following representative situations: . . ." And there are listed a score of cases involving various factual situations somewhat analogous to the case here before us.

Mrs. Hanna had not left the premises of her employer. While at work on that April morning, she became cool and chilled and wanted to put on her sweater; she went to the accustomed place to get the sweater; she still had the spreading stick with her. She had never left the place of employment; and, from all of the evidence, the Commission was amply justified in finding that her injury arose out of and in the course of employment.

Affirmed.